UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANIKE MARSHALL,<br>Plaintiff,<br>-v.-<br>BMW OF MANHATTAN, INC.,<br>Defendant. | 24 Civ. 6605 (JHR)<br>ORDER |

JENNIFER H. REARDEN, District Judge:

The Court has been informed that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. A proposed settlement has been submitted for the Court's approval. *See* ECF No. 27. The proposed settlement provides for an aggregate payment of $21,000 in connection with Plaintiff's FLSA claims, with (1) $13,680 to be apportioned to Plaintiff, and (2) the remainder ($7,320) allocated to Plaintiff's counsel, Abdul Hassan Law Group PLLC, in attorneys' fees and costs. *See* ECF No. 27-1 ¶ 1.

The Court has reviewed the terms of the proposed settlement and finds them to be fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203, 206 (2d Cir. 2015).

"[A]lthough the Court notes that the [proposed settlement] contains a general release of all claims, it is a mutual general release, which has been approved by courts in this Circuit." *Barrios v. ICP Jerome LLC*, No. 24 Civ. 4941 (VF), 2026 WL 407883, at *1 (S.D.N.Y. Feb. 13, 2026) (Figueredo, Mag. J.) (internal quotation marks and citation omitted) (approving FLSA settlement). Here, the general release was obtained "after arms-length bargaining," where "Plaintiff was represented by experienced counsel," "the negotiations were supervised by a court-sanctioned mediator," and "Plaintiff is no longer employed by Defendants." *Strauss v. Little Fish Corp.*, No. 19 Civ. 10158 (LJL), 2020 WL 4041511, at *4-6 (S.D.N.Y. July 17, 2020)

(approving general release "when (1) it is mutual; and (2) the employer and employee have ceased their employment relationship").[1]

In addition, Plaintiff seeks approval of $6,839 in attorneys' fees and $481 in costs (i.e., $7,320 in total). ECF No. 27 ¶ 5. The attorneys' fees represent a "1/3 percentage fee" of Plaintiff's total recovery "after costs," "based on and supported by the retainer between Plaintiff and [her] counsel." *Id.* ¶¶ 1, 5; *see* ECF No. 27-3 (receipts for a $405 filing fee and $76 service fee). "Although the proposed award of attorney[s'] fees is high relative to the size of the Plaintiff['s] claim and recovery, the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney[s'] fee award is based on an agreement between Plaintiff and her attorney." *Narvaez v. Hudson Park NY LLC*, No. 24 Civ. 8531 (JMF), 2025 WL 2494848, at *1 (S.D.N.Y. May 14, 2025) (citing *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney—i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation." (citation omitted))); *see* ECF No. 27-2 (Retainer Agreement) at 2 ("The amount of Attorney's contingency fee will be the greater of:

---

[1] *See Chowdhury v. Brioni America, Inc.*, No. 16 Civ. 344 (HBP), 2017 WL 5953171, at *3 (S.D.N.Y. Nov. 29, 2017) (Pitman, Mag. J.) (approving general release in part "because the provision was negotiated by competent counsel for both sides"); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (noting that the mutuality of the release "assuag[ed] concerns that the waiver unfairly benefit[ed] only Defendants"); *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4-7 (S.D.N.Y. Nov. 6, 2015) (Cott, Mag. J.) ("If an FLSA plaintiff is represented by counsel, it is hard to understand how a general release would confer an unevaluated and uncompensated benefit to the employer if, to justify the settlement, a lawyer has to represent to the court that the lawyer has explored other potential claims with the employee[,] and the employee, with counsel's aid, can identify no additional basis to sue the employer and also acknowledges that she is forfeiting any claims currently unknown to her.").

(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or (b) A reasonable hourly fee . . . ; or (c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.").

In any event, courts in this Circuit typically approve attorneys' fees that range from 30% and 33% of the total recovery, plus documented costs. *See, e.g.*, *Moore v. FQSR, LLC*, No. 24 Civ. 5835 (VSB), 2026 WL 981496, at *1, *5 (S.D.N.Y. Apr. 13, 2026) (describing the "attorneys' fee award [of] one-third of Plaintiff's total recovery . . . [as] typical in this Circuit" and approving settlement that provided for recovery of both fees and costs); *Prudente v. Prosperity 89 Inc.*, No. 18 Civ. 6796 (RA), 2021 WL 1791334, at *1 (S.D.N.Y. May 5, 2021) (noting that fee arrangements of "of one-third of FLSA settlement amount, plus costs" are "routinely approved by courts in this Circuit" (quoting *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (Bloom, Mag. J.)); *Khatri v. Rytebox, LLC*, No. 25 Civ. 7167 (JMF), 2026 WL 522977, at *1 (S.D.N.Y. Feb. 25, 2026) (deeming "attorneys' fees in the amount of 33 1/3% of the recovery . . . appropriate"); *cf. Hall v. City of New York*, No. 22 Civ. 10193 (BM), 2025 WL 1795943, at *3 (S.D.N.Y. June 30, 2025) (Moses, Mag. J.) (approving attorneys' fee award of one-third of the gross settlement, but denying costs where plaintiffs had "failed to document any of the additional expenses for which they request reimbursement"). In concluding that "attorney[s'] fees in the amount of one-third of the recovery is appropriate here," "the Court makes no findings with respect to the reasonableness of counsel's hourly rate or the reasonableness of the hours that counsel devoted to the case." *Narvaez,* 2025 WL 2494848, at *1; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (commenting that "the trend in this Circuit is toward the percentage method" but noting that the Second Circuit "has never . . . demand[ed] a single method for calculating attorneys' fees").

Accordingly, the proposed settlement is approved, and the case is hereby DISMISSED with prejudice. The Court shall retain jurisdiction solely to resolve any disputes arising from the settlement agreement and the settlement of this action.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: July 14, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge